STRINGHAM V. THE CITY OF OSHKOSH and another.

*Evidence.—Relief against tax deed.*

1. The testimony of the officer who gave a tax receipt on which figures have been erased, is admissible to show that such figures represented a special tax, and were erased by him because such tax was not paid.

2. Where plaintiff seeks to have a tax deed cancelled on the ground that he has paid all taxes levied upon the land, it is not error to reject evidence offered by him to show that a certain tax included in the assessment roll was invalid for irregularities in its assessment.

3. A city charter provided that the "tax list," when certified as therein provided, should be "*prima facie* evidence that the lands and persons therein named were subject to taxation, and that the assessment was just and equal." *Held,* that such tax list was *prima facie* evidence of the legal existence of the several taxes therein named, including a special improvement tax assessed against adjacent lots.

APPEAL from the Circuit Court for *Winnebago* County. Action to annul certain certificates issued to the defendant city, of tax sales in March, 1859, of plaintiff's lots for city taxes of 1857, and to restrain the city treasurer from transferring the certificates or executing deeds thereon. The plaintiff avers that he had paid all city taxes assessed or levied on said lots for 1857, before the day of sale. The answer denies this averment. The evidence offered by the parties will sufficiently appear from the opinion. The court found the facts adversely to the plaintiff, and dismissed the complaint; and the plaintiff appealed.

*Earl P. Finch,* for the appellant:

1. The tax list was *prima facie* evidence " that the lands and persons named therein were subject to taxation, and that the assessment was just and equal," and of those facts only. It was no evidence of the existence of a tax. Charter, chap. 8, sec. 8.    2. The sale was made by virtue of the act which is published as chap. 24, Pr. & L. Laws of 1859.    This was a

general law, and did not take effect until published, to-wit: June 29, 1859. *In re Boyle*, 9 Wis., 266; *State ex rel. Cothren v. Lean*, id., 285; *Clark v. Janesville*, 10 id., 137; Smith's Comm., 914-16-17, secs. 800, 802.

*H. B. Jackson*, for respondents.

COLE, J. The ground upon which the plaintiff founded his title to relief was, that he had paid all the taxes assessed upon his lands for the year 1857. He alleged in his complaint, that he paid all city taxes assessed or levied on the lots mentioned therein, and upon each of them, for that year, before the time provided by law for the sale of lands for unpaid taxes, and had in his possession receipts for such payment signed by the officer authorized to receive the taxes. Hence he asked that the tax certificates issued on the sale of the lands for the taxes of 1857 should be set aside and cancelled, as constituting a cloud upon his title. These facts certainly showed a good ground for the equitable interposition of the court. But the defendants denied that the tax was paid, and the parties went to trial upon that issue. To prove the payment of his taxes for the year 1857, the plaintiff offered in evidence the receipt set forth in the bill of exceptions. In this receipt there was a column of figures which purported to be taxes assessed upon the lots for special improvements for the year 1857, and which figures had been erased. The officer who gave the receipt testified that the figures erased represented an improvement tax, and that they were erased by him because those taxes were not paid. It is true, the plaintiff objected to this evidence, but it was doubtless competent for the purpose for which it was offered.

And we do not perceive any valid objection to the admission in evidence of the "tax list" to show that it contained special improvement taxes assessed against the plaintiff's

lots for 1857. The charter provides that the "tax list," when certified as therein required "shall be *prima facie* evidence, in any court, that the lands and persons therein named were subject to taxation, and that the assessment was just and equal." Sec. 8, chap. 8 of the charter (chap. 133 Priv. & Local Laws of 1856). It was claimed that, notwithstanding this provision in the charter, it was necessary, under the issue, for the defendants to give further and other evidence, showing the existence of a special tax against the lots for that year. But it appeared, *prima facie* at least, that there was a special improvement tax assessed against the lots. And the question under the issue was, whether those taxes had been paid. The plaintiff did not pretend that he had paid those special taxes; but he attempted to show that they were invalid on account of certain irregularities in the assessment of them. This species of evidence, however, being objected to, was ruled out, probably upon the ground that it did not tend to support the allegations of the complaint. In the complaint the plaintiff alleged that he had paid all the city taxes assessed upon his lands for 1857. And he offered to show, not that he had paid the special improvement taxes, but that those taxes were invalid for some reason. It is very manifest that this evidence did not tend in substance or effect to sustain the action stated in the complaint. It seems to us a violation of all rules of pleading, for a party to ask a court to set aside and cancel tax certificates upon the ground that he had paid his taxes before his lands were sold, and then for the court to permit him to show in support of such a cause of action, that a part of his tax was illegal on account of some irregularity in assessing them. The rule that the *allegata* and the *probata* must correspond may not be as rigidly enforced as under the old practice, but it cannot be entirely disregarded under the code. What may be the legal consequence where

evidence is admitted without objection to prove a cause of action different from the one stated in the complaint, is a point perhaps not free from doubt. But that question is not before us. Here the plaintiff alleged that he had paid his taxes, and hence was entitled to have the tax certificates cancelled on that ground. But instead of showing that he had paid his taxes, he endeavored to prove that a part of the tax was illegal. And this testimony, being objected to, was ruled out, since it did not tend to prove the cause of action stated in the complaint. We think the ruling of the court excluding the evidence was proper.

*By the Court.*—The judgment of the circuit court is affirmed.